

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS GILBERT,

        Plaintiff,

v.

Case No.: 1:22cv225 HSO-BWR

QVC, INC and CHEER MASTER TRADING, LTD,,

        Defendants.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **DOUGLAS GILBERT,** by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **TYNES LAW FIRM, P.A.** hereby submits the following Complaint and Demand for Jury Trial:

### NATURE OF THE CASE

1.    This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a "Cook's Essentials Programmable Pressure Cooker" Model Number PC028 (hereafter generally referred to as "pressure cooker(s)").

2.    Defendants design, manufacture, market, import, distribute and sells a wide-range of consumer products, which specifically includes the aforementioned pressure cooker at issue in this case.

3.    On or about September 10, 2019, Plaintiff suffered burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot

during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4.  As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5.  Plaintiff is a resident and citizen of the City of Gulfport, County of Harrison, State of Mississippi. Therefore, Plaintiff is a resident and citizen of the State of Mississippi for purposes of diversity pursuant to 28 U.S.C. § 1332.

6.  On or about September 10, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

7.  As a result of the incident, Plaintiff has incurred medical expenses, as well as painful bodily injuries, physical pain, mental anguish, and permanent, life-long scarring.

8.  Defendant QVC, Inc. is incorporated in the State of Delaware and has a principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380. Defendant QVC, Inc. has a registered service address of 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant QVC, Inc. is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

9.  Upon information and belief, Defendant Cheer Master Trading, LTD. is a corporation organized and existing under the laws of the Hong Kong Special Administrative Region of

2

People's Republic of China, with a principal business address of RM 703-706 7/F Tins Enterprises Ctr, 777 Lai Chi Kok Rd., Cheung Sha Wan, Hong Kong, People's Republic of China. Defendant Cheer Master Trading, LTD. may be served via *the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters* ("Hague Service Convention").

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Mississippi and intentionally availed themselves of the markets within Mississippi through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

13. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

14. On or about September 10, 2019, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendants for its intended and reasonably foreseeable purpose of cooking dinner.

15. While the pressure cooker was in use for cooking, the pressure cooker's lid blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing disfiguring burns.

16. Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendants.

17. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

18. Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

19. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

20. As a direct and proximate result of Defendants' intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

21. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

## COUNT I

## STRICT PRODUCTS LIABILITY – MANUFACTUERING, FAILURE TO WARN AND/OR DESIGN DEFECT

22. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

23. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

24. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of Defendants.

25. Plaintiff and his family did not misuse or materially alter the pressure cooker.

26. The pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

27. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendants failed to adequately test the pressure cookers; and

5

    f. Defendants failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

33. Defendants knew or should have known that the lid could explosively separating from the pot while under pressure during the normal, foreseeable and directed use of the pressure cooker.

34. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

## COUNT II

### NEGLIGENCE – MANUFACTUERING, FAILURE TO WARN AND/OR DESIGN DEFECT

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

36. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

37. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

38. Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

      d. Were otherwise careless or negligent.

39. Defendants knew or should have known that the lid could explosively separating from the pot during the normal, foreseeable and directed use of the pressure cooker.

40. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

## INJURIES & DAMAGES

41. As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

42. As a direct and proximate result of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

43. As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

      **WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendants on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendants, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective pressure cooker;

D. That all costs be taxed against Defendants;

E. That prejudgment interest be awarded according to proof; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: August 26, 2022

**TYNES LAW FIRM, P.A.**

Douglas Tynes, Jr.
P.O. Drawer 966
525 Krebs Ave.
Pascagoula, MS 39568-0966
(228) 769-7736
(228) 769-8466 fax
monte@tyneslawfirm.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***

8